IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE M. MARSHALL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-6580 |
| | : | |
| MICHAEL J. ASTRUE | : | |
| *Commissioner of Social Security* | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                           March 28, 2016

Diane Marshall seeks review of the final decision of the Commissioner of Social Security denying Marshall's application for supplemental security income (SSI) and disability insurance benefits (DIB). United States Magistrate Judge Timothy R. Rice issued a Report and Recommendation (R&R) recommending Marshall's request for review be denied, to which Marshall has objected. In a number of her objections, as in her request for review, Marshall takes issue with the weighing of the relevant evidence—particularly the various opinions of doctors and vocational experts—in finding she is not disabled within the meaning of the Social Security Act. Marshall also argues for the first time objections alleging the Commissioner's decision was informed by animus against her and her medical condition, and the Commissioner offered inappropriate medical conclusions. Upon de novo review of the R&R and Marshall's objections thereto, and for the reasons set forth below, Marshall's objections will be overruled, the R&R will be approved and adopted, and Marshall's request for review will be denied.

**BACKGROUND**

In April 2007, Marshall applied for SSI and DIB, claiming she had been disabled since December 31, 2005, as a result of degenerative disc disease of the cervical spine and lumbar spine, as well as fibromyalgia. R. at 11, 13-14, 91. Marshall's claims were initially denied on July 31, 2007. *Id.* at 16-17. At Marshall's request, a hearing was held before an Administrative

Law Judge (ALJ) on October 27, 2008, at which Marshall appeared with counsel and testified. The ALJ found Marshall denied her claim, finding she retained the residual functional capacity to perform her past relevant work as a receptionist. *Id.* Marshall appealed, and on December 21, 2009, this Court remanded the case to the ALJ with instructions to evaluate the assessments of Dr. Donald Jennings, a vocational expert, and Dr. Lawrence Leventhal, a rheumatologist, and, if necessary, obtain further evidence from a vocational expert concerning the limitations on Marshall's ability to perform her past relevant work or other work existing in significant numbers in the national economy, *id.* at 373-74.

On remand, the ALJ held multiple hearings with Marshall, her counsel, and vocational experts. On December 9, 2010, the ALJ issued a written opinion denying Marshall's claim. Applying the Social Security Administration's (SSA) five-step evaluation process for determining whether a claimant is disabled, the ALJ again found Marshall was not disabled, but instead had the residual functional capacity to perform unskilled sedentary work, or sedentary work without detailed instructions.[1] Specifically, the ALJ found that although Marshall suffered some severe impairments—fibromyalgia, diabetes, cervical degenerative disc disease, sleep

---

[1] The Commissioner uses the same five-step process to determine whether a claimant is disabled in both SSI and DIB cases. *See* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI). At the first step, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not disabled. At the second step, the Commissioner must determine whether the claimant has a severe, medically determinable physical or mental impairment. If not, the claimant is not disabled. At the third step, the Commissioner must determine whether the claimant's severe impairment meets or is medically equivalent to a "listed" impairment, i.e., an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. If so, the claimant is disabled. If not, the Commissioner must assess the claimant's "residual functional capacity"—i.e., "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1) 416.945(a)(1). The Commissioner must then determine, at the fourth step, whether the claimant retains the residual functional capacity to perform her past relevant work. If so, the claimant is not disabled. If not, the claimant will be found to be disabled unless the Commissioner demonstrates, at the fifth step, the claimant is capable of performing other available work. *See Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001) (describing the five-step sequential evaluation process).

apnea, and depression—the impairments did not equal a listed impairment. At step four of the inquiry, the ALJ found Marshall's capacity to work was limited by her pain, such that she "was unable to perform past relevant work" as a receptionist; however, the ALJ noted Marshall's pain "limited [her] to [unskilled] sedentary work, but not to the extent that she is unable to perform any sustained work activity." R. at 299. Given the ALJ's determination that Marshall was not precluded from performing *all* types of work, the ALJ posed a hypothetical to Richard Baine, a vocational expert, concerning whether jobs existed in the regional and national economy that a person with Marshall's limitations and residual functional capacity could perform. Baine responded such jobs existed in significant numbers in the national economy. Crediting Baine's testimony, the ALJ determined Marshall "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," and was therefore not disabled. *Id.* at 299-300.

On September 20, 2012, the Appeals Council denied Marshall's request for review, rendering the ALJ's December 9, 2010, decision the final decision of the Commissioner in her case. Marshall thereafter sought review in this Court. In her request for review, Marshall challenges the ALJ's finding that she was able to perform sedentary work and alleges the ALJ made various errors in weighing, characterizing, and relying on the relevant evidence.[2] Without

---

[2] In her request for review, Marshall identifies ten errors, asserting the ALJ (1) erred in finding Marshall had the residual functional capacity to perform sedentary work; (2) did not properly weigh Dr. Heather Smith's opinion; (3) mischaracterized Dr. Smith's opinion; (4) did not properly weigh Dr. Lawrence J. Leventhal's opinion; (5) did not properly weigh Dr. Donald Jennings's opinion; (6) did not properly weigh and consider Marshall's other medical conditions; (7) did not properly weigh her testimony or that of her lay-witnesses; (8) improperly relied on a vocational expert's response to an inaccurate hypothetical; (9) failed to disclose a vocational expert's response to an accurate hypothetical that supported finding Marshall is disabled; (10) and failed to cite substantial evidence supporting the conclusion Marshall is not disabled.

these errors, Marshall contends, the ALJ would have found Marshall was disabled and awarded her benefits.

On May 12, 2014, the Magistrate Judge issued an R&R recommending Marshall's request for review be denied, finding the ALJ properly considered the relevant evidence and the ALJ's decision denying Marshall benefits was supported by substantial evidence. Marshall thereafter raised fourteen objections to the R&R: (1) the ALJ's decision is not supported by substantial evidence; (2) the ALJ did not properly weigh the evidence in concluding Marshall's fibromyalgia did not render her disabled; (3) the Magistrate Judge improperly weighed the evidence supporting his finding Marshall is disabled; (4) the Magistrate Judge improperly weighed the opinions of the treating and examining doctors; (5) the Magistrate Judge improperly deferred to the ALJ's credibility determinations, as they were not supported by evidence; (6) the Magistrate Judge improperly deferred to the ALJ's credibility determinations, as they were a product of animus against Marshall; (7) the Magistrate Judge improperly deferred to the ALJ's credibility determinations, as they were a product of animus against fibromyalgia as a disabling condition; (8) the Magistrate Judge improperly weighed the ALJ's medical conclusions; (9) the Magistrate Judge improperly failed to accord controlling weight to the treating physician's medical opinions; (10) the Magistrate Judge improperly deferred to the ALJ's conclusion that Marshall was not disabled due to fibromyalgia, rather than relying on Dr. Lawrence Leventhal's opinion; (11) the Magistrate Judge improperly weighed the opinion of a vocational expert presented by Marshall who opined Marshall was unable to perform work on any sustained basis; (12) the Magistrate Judge improperly weighed the opinion a vocational expert who testified at a hearing and responded to a hypothetical posed by the ALJ; (13) the Magistrate Judge improperly

weighed a medical conclusion proffered by the ALJ; and (14) the Magistrate Judge improperly ignored Marshall's lay witnesses' testimony.[3]

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), this Court reviews a party's timely and specific objection to a Magistrate Judge's R&R de novo. The Court may "accept, reject, or modify, on whole or in part, the findings and recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) ("The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence."). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted). Although substantial evidence is "more than a mere scintilla," it "may be somewhat less than a preponderance of the evidence." *Id.* (citation and internal quotation marks omitted). The substantial evidence standard is satisfied "if there is sufficient evidence 'to justify, if the trial were to a jury, a refusal to direct a verdict.'" *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951)). If the ALJ's decision is supported by substantial evidence, the district court is bound by the ALJ's findings, even if it "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

    A. Waived Objections

---

[3] Although Marshall noted the foregoing objections in list form, she did not provide any further explanation of, or otherwise elaborate on, her objections.

In her sixth and seventh objections, Marshall alleges the Magistrate Judge improperly deferred to the ALJ's credibility determinations because those determinations were the product of "clear animus" toward both Marshall (Objection 6) and fibromyalgia as a disabling condition (Objection 7). In her thirteenth objection, Marshall alleges the Magistrate Judge improperly weighed the ALJ's medical conclusion regarding a lack of atrophy (Objection 13).

Claims not raised in a plaintiff's initial request for review are waived. *See, e.g.*, *Hazlett v. Colvin*, No. 13-0538, 2014 WL 3845730, at *6 (W.D. Pa. Aug. 4, 2014) (citing *Warren G. v. Cumberland Cty. Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999)); *see also* Local R. 72.1(IV)(c)("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."). Marshall could have raised the ALJ's alleged animus toward her and fibromyalgia in her initial request for review, and she could have challenged the ALJ's statements regarding a lack of atrophy. Because she raises them now for the first time, she has waived these claims. Marshall's sixth, seventh, and thirteenth objections will therefore be overruled.

B.  Objections to the Magistrate Judge's Weighing of Medical Opinions

In Marshall's ninth and tenth objections, she alleges the Magistrate Judge erroneously weighed the medical opinions of two doctors: her treating physician, Heather Smith, D.O. (Objection 9) and rheumatologist Lawrence J. Leventhal, M.D. (Objection 10).

The ALJ is required to evaluate every medical opinion received. 20 C.F.R. § 404.1527(d). A medical opinion may be given more or less weight depending on a variety of factors, including whether the source of the opinion examined or treated the plaintiff, the quality of the explanation the source provides for the opinion, the length of the treatment relationship

6

and frequency of examinations, the degree the opinion is supported by other relevant evidence, and how consistent the opinion is with the entire record. *See id.* §§ 404.1527(c)(1)-(4).

Where the source of a medical opinion is either a treating physician or a specialist, the opinion may be entitled to special weight. A treating physician's medical opinion, in particular, may be entitled to controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Id.* § 404.1527(c)(2)-(6). If, however, a treating physician's medical opinion conflicts with or is contradicted by substantial evidence, the court is not required to give it controlling weight. *See Horst v. Comm'r of Soc. Sec.*, 551 F. App'x 41, 46 (3d Cir. 2014). Furthermore, courts "generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). Ultimately, however, the weight given to any medical opinion and the disability determination is made by the ALJ. 20 C.F.R. § 404.1527(d)(2).

In her initial request for review, Marshall contends the ALJ did not properly weigh Dr. Smith's and Dr. Leventhal's medical opinions, as both doctors opined Marshall was incapable of any gainful employment and the ALJ instead found Marshall was capable of performing sedentary work. In his R&R, the Magistrate Judge found the ALJ's weighing of both opinions was supported by substantial evidence.

In her ninth objection to the R&R, Marshall contends the Magistrate Judge should have given Dr. Smith's medical opinion controlling weight. While Dr. Smith is a treating physician here, the ALJ did not give Dr. Smith's medical opinions controlling weight. In his 2008 decision, the ALJ reviewed treatment notes from two physical exams Dr. Smith performed on Marshall, in which Dr. Smith indicated Marshall was able to lift ten pounds on occasion, could sit for five

7

hours during an eight-hour day, and had other physical limitations. R. at 16. The ALJ found Dr. Smith's opinions were "reasonably credible," and relied on them in finding Marshall has the residual functional capacity for the full range of sedentary work. *Id.* Because of "the lack of objective medical evidence from Dr. Smith," however, the ALJ declined to credit Dr. Smith's opinion that Marshall could only sit for five hours a day, and the ALJ concluded instead that Marshall has the residual functional capacity for the full range of sedentary work and thus denied her benefits. *Id.*

In her tenth objection to the R&R, Marshall contends the Magistrate Judge erroneously deferred to the ALJ's finding that Marshall's fibromyalgia did not render her disabled, instead of relying on Dr. Lawrence J. Leventhal's opinion. Dr. Leventhal, a rheumatologist specializing in fibromyalgia, evaluated Marshall in May 2002 in connection with a motor vehicle accident and concluded she suffered from fibromyalgia. R. at 293. In 2006, Dr. Leventhal evaluated Marshall again, and on a single-page evaluation form found Marshall was able to sit for four hours at a time and a total of five hours in an eight-hour work day, stand for two hours at a time and a total of three hours in an eight-hour work day, walk for one hour at a time and a total of one hour in an eight-hour work day, and occasionally lift one to ten pounds. Dr. Leventhal noted several other physical limitations and found Marshall's work performance would be hampered by pain. In 2010, both Dr. Smith and Dr. Leventhal wrote separate letters expressing the view that Marshall is unable to perform any work due to her pain.

The ALJ evaluated all of the medical opinions before him and gave weight to both Dr. Smith and Dr. Leventhal's opinion "to the significant extent that [Marshall] is limited to sedentary work, but not to the extent that she in unable to perform any sustained work activity." R. at 299. As the Magistrate Judge explained, the ALJ thoroughly reviewed Dr. Smith's and Dr.

Leventhal's medical opinions, weighed them against the rest of the evidence, and found Dr. Smith's and Dr. Leventhal's opinions that Marshall was disabled and unable to perform any work were inconsistent with record evidence and thus not credible. The ALJ instead found the substantial evidence, taken as a whole, supported the conclusion that Marshall has the residual functional capacity to perform sedentary work.

In the R&R, the Magistrate Judge likewise considered the medical opinions and specifically determined the ALJ provided adequate justification for not giving Dr. Smith's medical opinion controlling weight. Moreover, the Magistrate Judge highlighted additional inconsistencies between Dr. Smith's medical opinion and substantial evidence in this case, further indicating her medical opinion is not entitled to controlling weight. The Magistrate Judge found substantial evidence supports the ALJ's decision to only adopt Dr. Smith's and Dr. Leventhal's medical opinions insofar as they supported the ALJ's finding that Marshal was capable of unskilled sedentary work. Upon review of the record, this Court agrees; therefore, the Magistrate Judge did not err in weighing Dr. Smith's and Dr. Leventhal's medical opinions and in determining that substantial evidence supports the ALJ's evaluation of their medical opinions.

C. Objections to the Magistrate Judge's Weighing of Vocational Expert Testimony

In Marshall's eleventh and twelfth objections, she argues the Magistrate Judge improperly weighed opinions of two vocational experts: Donald Jennings, Ed.D. (Objection 11) and Richard Baine (Objection 12).[4]

---

[4] In her eleventh and twelfth objections, Marshall does not name Dr. Jennings or Baine; however, her eleventh objection concerns a vocational expert's "opinion that Claimant was unable to work on any sustained basis," and her twelfth objection concerns a vocational expert's "testi[monty] in response to a hypothetical carefully crafted by the ALJ to compel an unsupported conclusion." Pl.'s Obj. at 3. As discussed below, Dr. Jennings opined that Marshall is unable to work on any sustained basis, and Richard Baine, at a November 8, 2010, hearing, responded to a hypothetical

Following Marshall's 2002 automobile accident, Dr. Jennings performed a vocational assessment, specifically to assess the "[e]arning comparison between pre and post injury earning potential." R. at 144 (stating "reason for referral"). The purpose of the assessment was to "ascertain[] the current vocational status of this patient and the degree to which her earning potential has been impacted by her medical problems," not to determine her residual functional capacity. *Id.* at 153. As the Magistrate Judge noted, Dr. Jennings offered seemingly contradictory opinions on the extent to which Marshall's injuries affected her ability to work. On the one hand, Dr. Jennings found "[t]he job as a General Office Clerk is the maximum level job . . . [Marshall] could obtain and maintain, given her medical status," and Marshall's post-injury earning potential as an office clerk was between $20,020 and $27,390. *Id.* at 153-54.[5] On the other hand, Marshall's fibromyalgia renders her "unable to work on any sustained basis, either full time or part time," *Id.* at 154.

In her eleventh objection, Marshall contends the Magistrate Judge gave inadequate weight to Dr. Jennings's opinion that Marshall is unable to work on "any sustained basis." As noted above, and by the Magistrate Judge, Dr. Jennings's report contained contradictory findings. Furthermore, the report was not intended to provide an opinion on Marshall's residual functional capacity and what level of work, if any, Marshall could perform, but instead on Marshall's lost earning potential following the automobile accident. As the Magistrate Judge explained, the ALJ had ample reason not to credit Dr. Jennings's opinion that Marshall is unable to work on any sustained basis. In any event, the ALJ was not required to rely on Dr. Jennings's

---

posed by the ALJ; therefore, the Court interprets Marshall's objections to concern the ALJ's weighing of Dr. Jennings's and Baines opinions.

[5] Indeed, Dr. Jennings notes Marshall held the position of an office clerk following the automobile accident. *Id.*

opinion, particularly where the vocational expert's opinion is not supported or contradicted by substantial evidence. *See Sinatra v. Comm'r of Soc. Sec.*, 77 F. App'x 578, 580 (3d Cir.2003) (holding that, in light of contradictory opinions from multiple doctors, an "ALJ did not need to rely on the testimony provided by this vocational expert"). Because the Magistrate Judge thoroughly considered Dr. Jennings's opinion in finding Marshall was able to perform sedentary work, the Court finds the Magistrate Judge did not inadequately weigh Dr. Jennings's opinion; Marshall's eleventh objection is therefore overruled.

In her twelfth objection, Marshall argues the Magistrate Judge erroneously weighed the opinion of Richard Baine, the vocational expert who testified at the November 8, 2010, hearing before the ALJ. In her initial request for review, Marshall contended the ALJ improperly relied on Baine's response to a hypothetical; thus, without further elaboration from Marshall, the Court will address whether the Magistrate Judge erred in his analysis of this issue.

A vocational expert "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). "When posing hypothetical questions, 'the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.'" *Russo v. Astrue*, 421 F. App'x 184, 192 (3d Cir. 2011) (quoting *Rutherford*, 399 F.3d at 554.

The ALJ determined Marshall has the following impairments: fibromyalgia, diabetes, cervical degenerative disc disease, sleep apnea, and depression. Given her impairments and in consideration of the objective evidence, the ALJ found Marshall has the residual functional capacity to perform sedentary work, with no detailed instruction. To be acceptable, therefore, the

hypothetical the ALJ posed to Baine must have reflected Marshall's impairments and the limitations of her residual functional capacity. It did.

At the hearing, the ALJ crafted a hypothetical that mirrored Marshall's situation and limitations: a forty-year old woman who can stand and walk for two hours a day, sit for at least six hours a day, and lift up to ten pounds, and who cannot carry out detailed instructions. In other words, the hypothetical reflected Marshall's residual functional capacity—sedentary work with no detailed instructions—and precluded her past work. R. at 339. In response to the hypothetical, Baine indicated there are unskilled, sedentary jobs in both the regional and national job markets that Marshall could perform consistent with her residual functional capacity. R. at 339-40.[6] Because the hypothetical accurately conveyed Marshall's limitations, the Magistrate Judge properly weighed Baine's opinion as to the hypothetical posed by the ALJ. Marshall's twelfth objection will be overruled.

D. Remaining Objections

Marshall's remaining objections are not entitled to de novo review because they merely attack, without elaboration or argument, the Magistrate Judge's adoption of some of the ALJ's findings. Her first, second, fifth, and fourteenth objections allege, respectively, that contrary to the R&R, the ALJ's opinion was not supported by substantial evidence (Objection 1); the ALJ did not properly weigh the evidence before him in finding Marshall was not disabled due to fibromyalgia (Objection 2); and the ALJ improperly accepted the ALJ's credibility determinations (Objection 5) and ignored Marshall's lay witness testimony (Objection 14). These

---

[6] In particular, Baine stated there existed approximately 1,500 sedentary "packer jobs" available in the region and 100,000 nationally, as well as approximately 1,000 sedentary "inspector jobs" regionally and 150,000 nationally that Marshall would be able to perform. *Id.*

objections simply restate the issues Marshall raises in her Request for Review, but do not elaborate or indicate why the R&R, aside from adopting the ALJ's determination, is flawed.

Marshall's third, fourth, and eighth objections all lodge general objections to the R&R, alleging the Magistrate Judge inappropriately weighed the evidence (Objection 3), the opinions of the treating and examining doctors (Objection 4), and the ALJ's medical conclusions (Objection 8). Once again Marshall does not elaborate on these objections, and she does not provide case law to support her positions.

"To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984). "[A] de novo determination is not always required," as district courts are only required to "make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made. *Id.* (quoting 28 U.S.C. § 636(b)(1)); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (citation and quotation marks omitted)). To require courts to provide "a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney*, 749 F.2d at 7 (holding de novo review was not required under § 636(b)(1) where there was "no objection to a specific portion of the report").

The aforementioned objections lack the specificity required by § 636(b)(1). In each of these objections, Marshall raises general disagreement with either the R&R's adoption of the ALJ's determinations or the ALJ's weighing of evidence, but fails to point the Court to any portion of the R&R she takes issue with. Aside from alleging the R&R should have found

differently, or that the R&R should have weighed the evidence or testimony differently, these objections do not challenge specific findings or recommendations. Without more, the Court is unable to ascertain from these objections what specific portions of the R&R Marshall takes issue with, and therefore does not review them de novo. The Court, moreover, finds no clear error or manifest injustice in the R&R relating to these general objections raised by Marshall. *See, e.g.*, *Hankins v. Colvin*, No. 13-4949, 2015 WL 2118770, at *2 (E.D. Pa. May 6, 2015) ("At a minimum, the court should be satisfied that there is no clear error on the face of the record, and should 'give some reasoned consideration to the magistrate's report before adopting it as the decision of the court.'" (citation and quotation marks omitted) (quoting *Henderson v Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). Accordingly, Objections 1-5, 8, and 14 will be overruled.

Because Marshall's objections to the R&R lack merit, her objections will be overruled, the R&R will be approved and adopted, and Marshall's request for review will be denied. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.